## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Albany County Conservancy,<br>   224 East Ivinson Avenue,<br>   Laramie, WY 82070,<br><br>          *Plaintiff*,<br><br>   v.<br><br>U.S. Department of the Interior,<br>   1849 C Street NW<br>   Washington, DC 20240,<br><br>    &&<br><br>U.S. Fish and Wildlife Service,<br>   1849 C Street NW<br>   Washington, DC 20240,<br><br>         *Defendant(s)*. | Civ. No. _____ |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
### (*Freedom of Information Act, 5 U.S.C. § 552*)

1.      This is an action under the Freedom of Information Act (FOIA or the Act),

5 U.S.C. § 552, seeking to compel Defendants U.S. Department of Interior (DOI) and the U.S.

Fish and Wildlife Service (FWS) to comply with their statutory obligation to disclose nonexempt

information concerning the mortality and injury of legally protected eagles at three major wind

energy projects located in Carbon County, Wyoming. Understanding the ecological impacts of

the emerging and rapidly proliferating wind energy sector is imperative to Plaintiff Albany

County Conservancy, which strives to protect the rugged Western landscapes of Wyoming and

the sensitive wildlife that call it home. Disclosure of the requested information is particularly

warranted here since it concerns the otherwise illegal take of iconic, federally protected

1

species—Bald and Golden eagles—and because collecting this information is a necessary condition of the permits that exempt these energy projects from incidental take liability under the Bald and Golden Eagle Protection Act (BGEPA), 16 U.S.C. §§ 668-668d.

2.     Plaintiff Albany County Conservancy (the Conservancy) submitted its FOIA request on October 11, 2024. Defendants issued a final response on March 17, 2025, releasing only 256 pages while simultaneously withholding 910 pages in full under FOIA Exemption 4 without adequate justification, foreseeable-harm analysis, record description, or the segregability review required by law.

3.     Defendants also failed to disclose entire categories of records—including mortality reports, correspondence, and known eagle-take incident submissions—despite Plaintiff's knowledge that such records exist within FWS's possession.

4.     Defendants' obfuscation and the lack of any coherent justification for withholding this information strongly suggests that Defendants have something to hide. It may well be that eagle mortality stemming from these projects is far outpacing predictions, or FWS may be asleep at the switch. Either way, under FOIA, the public has a right to know. This is especially true where there may be recurring violations of federal wildlife law (i.e., BGEPA).

5.     For all these reasons, and as described in further detail below, Defendants' actions violate FOIA, 5 U.S.C. § 552, and/or DOI's regulations implementing the Act,

**JURISDICTION AND VENUE**

6.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7.     Venue is proper in this Court under 5 U.S.C. § 552(4)(B).

## PARTIES

8.      Plaintiff Albany County Conservancy is a nonprofit conservation organization headquartered in Albany County, Wyoming. Among its various conservation efforts, Plaintiff has expended significant time, effort, and resources to protect and conserve Bald and Golden eagles (and other Wyoming wildlife), including through advocacy, administrative comments, public advocacy, and litigation. Plaintiff relies on the information obtained through FOIA requests to achieve its mission of protecting wildlife and conserving Wyoming's ecological resources for future generations. Plaintiff regularly disseminates information obtained through FOIA to its members and the broader public to raise awareness of these issues and to force public pressure on federal agencies to comply with federal wildlife and other laws.

9.      Defendant U.S. Department of Interior is a federal agency responsible for the administration of the Bald and Golden Eagle Protection Act. The Department is an "agency" under FOIA.

10.     Defendant U.S. Department of Fish and Wildlife Service is a subagency within the Department, and purported to process the FOIA request at issue in this suit. FWS has possession and control of the records and/or information sought by Plaintiffs here, and it has since Plaintiffs submitted their FOIA request.

### FACTUAL ALLEGATIONS GIVING RISE TO PLAINTIFF'S CLAIMS

**A.    <u>Wind Energy Sector in Wyoming and Permitting Requirements Under BGEPA</u>**

11.     Counties across Wyoming, and especially those situated in the southern part of the state, have experienced a sudden proliferation of wind turbines during the last decade. By the summer of 2025, there were 28 utility-scale wind farms operating in Wyoming, with some of

those comprising more than 500 turbines each. Indeed, the rapid expansion of these farms is permanently reworking the state's landscape, with observable effects on its delicate ecosystems.

12.     Because the construction, operation, and decommissioning of massive industrial wind projects results in the otherwise unlawful take (death and/or injury) of Bald and Golden eagles, developers must obtain an incidental take permit from FWS, or face potential criminal and civil liability under BGEPA for each and every eagle taken. Under FWS's regulations, annual reports of "incidental take," "nest take," and "disturbance take" are a mandatory condition of all incidental take permits issued under BGEPA. *See* 50 C.F.R. § 22.215(a)(4).

13.     Publicly available information from FWS reveals that the specific projects identified in Plaintiff's request have sought and/or received incidental take permits from the agency. *See* Ex. 2 at 2 n.2 (collecting links to permit documentation for the Dunlap, Seven Mile Hill I and II projects).

**B.      Plaintiff's FOIA Request**

14.     On October 11, 2024, Plaintiff properly submitted a FOIA request seeking information about Bald and Golden eagle mortality, and Defendants' authorization of the same, in connection with certain identified wind energy projects in Wyoming. *See* Ex. 1 (Copy of Plaintiff's Oct. 11, 2024 FOIA request). Specifically, Plaintiff's FOIA request sought:

- Records reporting Golden Eagle death or injury since 2007 within two miles of the Seven Mile Hill I/II, Ekola Flats, and Dunlap wind projects;

- Annual monitoring reports for those same projects since 2007; and

- All communications, emails, consultant reports, call summaries, or other correspondence regarding such eagle deaths or injuries.

15.     FWS acknowledged Plaintiff's request five days later, on October 16, 2024, and placed it in the "Complex" processing track.

C.    **Defendants' Response**

16.    Defendants' first and only substantive response to Plaintiff's "complex" FOIA request came on March 17, 2025. The record suggests that Defendants identified at least 1,166 pages of responsive information within its possession and control. Of that, however, FWS withheld in full 910 pages (i.e., 78%), while partially releasing only 256 redacted pages. FWS alleged that its withholdings were justified under FOIA Exemption 4, 5 U.S.C. § 552(b)(4), which applies narrowly to trade secrets and confidential commercial information. The information sought, however, is neither a trade secret nor confidential commercial information to which this exemption applies.

17.    FWS's response is legally flawed in other ways, too. For example, none of the correspondence with Defendants demonstrates that the agency considered whether some intermediate disclosure (i.e., more than nothing) could be possible nor whether any reasonably foreseeable harm would follow from disclosure notwithstanding any claimed FOIA Exemption.

18.    Further, there is no indication that FWS conducted the requisite segregablity analysis required under FOIA when it summarily opted to withhold the vast majority of responsive information under a broad and ill-explained assertion of Exemption 4.

19.    FWS did not disclose any mortality data for the Ekola Flats site. It also disclosed no emails, correspondence, or consultant reports, despite the regulatory requirement that permitholders report eagle deaths to FWS (and eagle deaths are known to have occurred).

20.    FWS failed to disclose numerous known eagle-mortality submissions that were provided to the agency and fall squarely with the ambit of Plaintiff's request.

### D.    **Plaintiff's Administrative Appeal**

21.    Plaintiff properly submitted a timely administrative appeal to the Department on May 8, 2025. *See* Ex. 2 (copy of Plaintiff's administrative appeal, as filed with the Department).

22.    As of the date of this filing, Defendants have not cured their unlawful withholdings nor provided any coherent justification to justify those withholdings.

23.    Having received no response to their administrative appeal, Plaintiffs have made multiple attempts at obtaining the requested information via non-adversarial means, including by offering the government additional time to process the appeal. *See* Ex. 3 (letter dated August 2025 requesting determination on administrative appeal). To date, however, Defendants have never responded to Plaintiffs' administrative appeal, any of Plaintiffs' subsequent correspondence about the same, or even acknowledged its filing.

### CLAIM(S) FOR RELIEF [CAUSE OF ACTION]

24.    Plaintiff incorporates all preceding paragraphs by reference.

25.    By failing to conduct an adequate search for nonexempt information and/or records responsive to Plaintiff's request, Defendants have violated FOIA, 5 U.S.C. § 552, and the Department's regulations implementing the same, 43 C.F.R. §§ 2.57-2.64.

26.    By withholding responsive information which is not exempt from disclosure under 5 U.S.C. § 552(b), Defendants have violated FOIA, *id.*, and its implementing regulations, 43 C.F.R. §§ 2.57-2.64.

27.    By failing to demonstrate any reasonably foreseeable harm that would result from disclosing the requested information, but opting to withhold that responsive information nevertheless, Defendants have violated FOIA, 5 U.S.C. § 552(a)(8), and the Department's regulations implementing the Act, 43 C.F.R. §§ 2.57-2.64.

6

28.     Defendants have violated FOIA and its implementing regulations by failing to disclose otherwise segregable nonexempt information responsive to Plaintiff's request.

29.     By failing to issue a lawful, rational determination in support of their decision to withhold responsive information, Defendants have violated FOIA, 5 U.S.C. § 552, and the Department's regulations implementing the Act, 43 C.F.R. §§ 2.57-2.64.

30.     Plaintiff has exhausted all administrative remedies.

31.     Plaintiff is entitled to injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

(1)     Declare that Defendants have violated FOIA;

(2)     Order Defendants to conduct a new search for all responsive records as required by FOIA;

(3)     Order Defendants to produce all nonexempt responsive information within twenty (20) days;

(4)     Order Defendants to produce all reasonably segregable, nonexempt portions of any documents otherwise properly withheld as required by FOIA;

(5)     Enjoin the Department from withholding nonexempt information and/or records responsive to the Conservancy's October 11, 2024 FOIA request;

(6)     Award the Conservancy its costs and attorneys' fees; and

(7)     Award the Conservancy any other such relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Matthew R. Arnold*
Matthew R. Arnold

7

DC Bar No. 1618616
(843) 718-4513
matt@eubankslegal.com

William S. Eubanks II
DC Bar No. 987036
(970) 703-6060
bill@eubankslegal.com

EUBANKS & ASSOCIATES, PLLC
1629 K Street NW, Suite 300
Washington, DC 20006

*Counsel for Plaintiff*